UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JOHN MINGO, *pro se*,                          **NOT FOR PRINT OR**
                                               **ELECTRONIC PUBLICATION**
                    Petitioner,
                                               **MEMORANDUM & ORDER**
          -against-                            08-CV-4818 (KAM)

ROBERT ERCOLE, Superintendent of
GREEN HAVEN Correctional Facility,

                    Respondent.
-----------------------------------X
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

          *Pro se* petitioner John Mingo ("petitioner") seeks a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging

as excessive his five to fifteen year sentence for attempted

criminal sale of a controlled substance in the third degree

which was imposed in Supreme Court, Kings County, after he

violated a probationary sentence.  Petitioner is currently

incarcerated pursuant to this sentence.  For the reasons set

forth below, the petition is denied.


                              **BACKGROUND**

**I.   The 1999 Conviction and Sentence**

          On April 30, 1999, petitioner pled guilty to attempted

sale of a controlled substance in the third degree (the "1999

conviction"). (Declaration of Fay Ng dated January 29, 2009 ("Ng

Decl.") Ex. A at 6.)  During his plea, petitioner admitted that

on October 6, 1998, he attempted to sell cocaine in Brooklyn,

New York. (Ng Decl., Ex. A at 6.)  During his plea allocution and while represented by counsel, petitioner stated on the record that as a condition of his guilty plea he voluntarily waived his right to appeal his conviction and any sentence imposed for this offense. (Ng Decl., Ex. A at 5.)  Specifically, the following colloquy took place:

> THE COURT:  You understand that even when you plead guilty you still have a right to appeal, however, here, as part of the plea, you're giving up that right.  Do you understand?
>
> MR. MINGO:  Yes.
>
> THE COURT:  Do you freely give up that right?
>
> MR. MINGO:  Yes.
>
> THE COURT:  Do you have any questions about that?
>
> MR. MINGO:  No sir.

(Ng Decl., Ex. A at 5 (lines 9-19).)

On August 31, 1999, petitioner was sentenced to five years probation and six months in the START program. (Ng Decl., Ex. B at 6.)  The court warned petitioner that a violation of probation could result in a state prison sentence. (Ng. Decl., Ex. B at 7.)

**II. The Violations of Probation and Resentence on the 1999 Conviction**

After petitioner was arrested in February 2000 for grand larceny in the third degree and then convicted of disorderly conduct, the New York City Department of Probation ("Probation Department") filed a specification of Violation of Probation ("VOP") against him. (Ng Decl., Ex. E.) The Probation Department filed another VOP against petitioner after he was arrested in May 2000 and charged with criminal possession of a controlled substance in the third degree (a felony) and the seventh degree (a misdemeanor). (*Id.*) Because petitioner entered a conditional plea and successfully completed a Fortune Society drug treatment program, the May 2000 felony charge for criminal possession of a controlled substance in the third degree was ultimately dismissed and the May 2000 misdemeanor for criminal possession of a controlled substance in the seventh degree was conditionally discharged. (*Id.*) As a result, in November 2001 the Probation Department withdrew without prejudice to renewal both then-pending VOP specifications, and petitioner was restored to probation supervision on the 1999 conviction. (Ng Decl., Ex. D at ¶ 10.)

Additional VOPs were filed against petitioner in 2002 following petitioner's January 2002 arrest for robbery (Ng Decl. Ex. E), petitioner's failure to report to his probation officer

(*Id.*), petitioner's June 2002 arrest for possession of a weapon and driving while intoxicated (*Id.*), and petitioner's December 2002 arrest for homicide (Ng. Decl., Ex. D at ¶ 12). Although the Probation Department offered petitioner a disposition in connection with these pending VOPs, petitioner refused. (Ng Decl., Ex. D at ¶ 13.)

A violation of probation hearing then took place on January 15, 2004 in connection with petitioner's probationary sentence under the 1999 conviction. (Ng. Decl., Ex. C, Ex. D at ¶ 15.) In order to establish petitioner's violation of probation, the Probation Department reinstated petitioner's conviction for misdemeanor criminal possession of a controlled substance in the seventh degree[1] which arose out of his May 2000 arrest and which had previously been conditionally discharged, and then presented a certificate of disposition demonstrating that conviction. (Ng Decl., Ex. C at 2, Ex. D at ¶ 15.)

In light of this evidence of conviction and resulting probation violation, the Probation Department recommended that petitioner be resentenced on the 1999 conviction to five to fifteen years imprisonment. (Ng Decl., Ex. C at 5.) The defense did not contest the fact of conviction or probation violation,

---

[1]    During the hearing, the Probation officer referred to petitioner's conviction for "Criminal Possession of a Controlled Substance in the Fifth Degree." (Ng. Decl. Ex. C at 2.) However, the Specification itself, as well as the Probation Officer's Affirmation, make clear that the conviction was for Criminal Possession of a Controlled Substance in the Seventh Degree. (Ng Decl. Ex. E, Ng Decl. Ex D at 2.)

but defense counsel asked the court to resentence petitioner to one to three years and noted that petitioner would also be facing a lengthy sentence if convicted on his pending 2002 homicide charge. (Ng. Decl., Ex. C at 5.)

After hearing from the parties, and based upon this evidence of conviction for misdemeanor drug possession, the court found petitioner in violation of probation, revoked the prior probationary sentence for the 1999 conviction, and resentenced petitioner to a term of five to fifteen years imprisonment on the 1999 conviction. (Ng. Decl., Ex. C at 7.)

## III. Post-Sentence Appeals

Petitioner appealed the amended sentence for the 1999 conviction to the Supreme Court Appellate Division, Second Department, solely on the grounds that it was excessive. (Ng Decl., Ex E.) In an order dated February 27, 2007, the Appellate Division, Second Department, affirmed the amended sentence without opinion. (*See* Ng. Decl., Ex. G; *see also People v. Mingo*, 37 A.D.2d 854 (2d Dep't Feb. 27, 2007).)

On June 4, 2007, the New York State Court of Appeals granted petitioner leave to appeal from the Appellate Division order. *See People v. Mingo*, 9 N.Y.3d 848 (2007).[2] The Court of

---

[2] Citing to the Court of Appeals' order granting leave to petitioner to appeal, the Respondents attaches a Court of Appeals order as Exhibit H. However, the order attached as Respondent's Exhibit H relates to a different defendant's right to appeal and is therefore irrelevant to the instant petition.

Appeals considered the merits of petitioner's appeal pursuant to
Rule 500.11 of the Court's Rules of Practice, examining "the
Appellate Division record and briefs, the writings in the courts
below and such letter submissions on the merits as counsel in
their respective professional judgment may file." (Ng Decl., Ex.
I.)

Petitioner submitted a letter on the merits of his
appeal dated July 11, 2007. (Ng Decl., Ex. J.)  The People
submitted a response dated August 3, 2007. (Ng Decl., Ex. K.)
The only issue raised by petitioner was whether petitioner
waived his right to challenge the resentence on his 1999
conviction when he originally pled guilty to that crime and
executed a written waiver of his appeal rights.  (Ng Decl. Ex.
J, K.)  The Court of Appeals affirmed the Appellate Division,
stating "[t]he Appellate Division, having affirmed without
opinion, may have done so on the basis that the sentence imposed
was not excessive, an issue beyond this Court's review." (Ng
Decl., Ex. L, *People v. Mingo*, 9 N.Y.3d 938 (2007).)

On November 21, 2008, petitioner timely filed the
instant petition seeking a writ of habeas corpus pursuant to 28
U.S.C. § 2254. (ECF No. 1, Petition for A Writ of Habeas Corpus
dated November 21, 2008 ("Pet."); ECF No. 6, Memorandum in
Opposition to Petition for Writ of Habeas Corpus dated January
29, 2009 ("Resp't Mem.") (acknowledging timeliness of the

petition).)  The petition challenged petitioner's custody solely on the basis of the excessiveness of the five to fifteen-year resentence for the 1999 conviction imposed after petitioner's violation of probation. (Pet. at 2.)

On February 2, 2009, the respondent filed a memorandum in opposition to the petition, challenging petitioner's excessive sentence claim as not raising a federal constitutional question. (Resp't Mem. at 8.)  On April 3, 2009, petitioner filed a reply memorandum which first raised additional claims under the Eighth Amendment, ineffective assistance of counsel, and invalid waiver of petitioner's right to appeal. (ECF No. 12, Traverse to Return dated April 3, 2009 ("Pet'r Reply Mem.").) In response to a court order, respondent filed a supplemental memorandum of law in opposition to the petition on July 30, 2010. (ECF No. 14, Supplemental Memorandum in Opposition to Petition for a Writ of Habeas Corpus ("Resp't Supp. Mem.").)  On August 12, 2010, without leave from the court, petitioner filed a sur-reply in response to respondent's supplemental memorandum. (ECF No. 15, Supplemental Memorandum of Law in Opposition to Respondent's Supplemental Memorandum of Law to Petitioner's Traverse to Return for Writ of Habeas Corpus ("Pet'r Sur-Reply Mem.").)

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214
(1996), a federal court may grant habeas corpus relief with
respect to any claim that was adjudicated on the merits in state
court only if the decision was (1) "contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States"; or (2)
"based on an unreasonable determination of the facts in light of
the evidence presented." 28 U.S.C. § 2254(d).

In reviewing the petition, the Court is mindful that
"[a] document filed *pro se* is to be liberally construed, and a
*pro se* complaint, however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by
lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal
quotation marks and citations omitted). Accordingly, the Court
is obliged to interpret petitioner's pleadings as raising the
strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66,
72 (2d Cir. 2009).

## DISCUSSION

### I.  Excessiveness of Resentence

In his initial petition, petitioner raised only a
claim that his resentence of five to fifteen years for the 1999

conviction for attempted criminal sale of a controlled substance in the third degree was excessive. (Pet. at 2.) There is no dispute that this claim was exhausted because petitioner raised this claim on appeal to the Appellate Division, Second Department. (*See* Resp't Mem. at 7.)

Nevertheless, this claim does not raise a federal constitutional issue and is therefore not a proper basis for habeas relief. It is well-settled that no federal constitutional issue is raised where the term of a challenged sentence falls within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (affirming dismissal of petition for habeas relief where petitioner challenged as "cruel and unusual" a sentence within the range prescribed by state law). Here, the petitioner's 1999 conviction was for a Class C felony and the resentence of five to fifteen years upon petitioner's violation of probation was within the range prescribed by New York Penal Law for a Class C felony. *See* N.Y. Penal §§ 70.00(2)(c), (3)(b) (maximum period of imprisonment is fifteen years and the minimum is no less than one year and no more than one-third of the maximum sentence). Accordingly, petitioner's claim on this ground is denied. *See Keane*, 969 F.2d at 1383.

## II. Eighth Amendment Claim

In his reply, petitioner argues that his resentence violates his Eighth Amendment rights. (*See* Pet'r. Reply Mem. at 7.) Given the liberal pleading standards permitted in *pro se* complaints, *see Erickson*, 551 U.S. at 94, and because new claims may not be raised for the first time on reply, the court construes petitioner's new claim first raised in his reply as a motion to amend the petition. *See Capita v. Mazzuca*, No. 04 CV 4327, 2007 WL 1695551, *3 (E.D.N.Y. June 7, 2007).

### A. Relation Back

The one-year statute of limitations for petitioner's habeas claim expired on January 14, 2009, or one year after petitioner's state court sentence become final on January 14, 2008.[3] Thus, although petitioner's initial petition was timely filed, any new claims raised in petitioner's reply dated April 3, 2009, are untimely unless they relate back to the date of the original petition. *See* Fed. R. Civ. P. 15(c); *see also Fama v. Comm'r of Correctional Serv.*, 235 F.3d 804, 816 (2d Cir. 2000) (requiring petitioner to show that a motion to amend a petition filed after the expiration of AEDPA's one-year statute of limitations related back to the original petition).

Rule 15 of the Federal Rules of Civil Procedure

---

[3] Respondent misstates the date that petitioner's state court resentence became final as January 14, 2009. (Resp't Mem. at 7.) However, petitioner's resentence became final on January 14, 2008, ninety days after the Court of Appeals' decision on October 16, 2007.

provides, in part, that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . a claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c). Thus, where the "original and amended petitions state claims that are tied to a common core of operative facts," the new claims will relate back. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Here, petitioner's Eighth Amendment claim arguably relates back to the excessive sentence claim raised in the original petition because both claims are tied to petitioner's resentence in state court.

    **B.   Exhaustion**

        Assuming, *arguendo*, that petitioner's Eighth Amendment claim relates back to the original petition (*See* Resp't Supp. Mem. at 6), there is no dispute that petitioner's Eighth Amendment claim is unexhausted. (Pet. Reply Mem. at 8; Opp. Memorandum at 7-8; Supp. Opp. Mem. at 6.) Federal habeas relief from a state court conviction generally may not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine provides that a habeas petitioner seeking to upset his conviction on federal grounds must have given the state courts a fair opportunity to review his federal claim and

correct the alleged error.  *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982).

When presented with a "mixed petition" containing both exhausted and unexhausted claims a federal court has three options.  First, a federal court may simply dismiss the "mixed petition."  *See Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy,* 455 U.S. 509 (1982)).  Second, where petitioner demonstrates "good cause" for failing to exhaust a claim in state court, a federal court may stay the mixed petition and hold it in abeyance to permit the petitioner to return to state court to exhaust previously unexhausted claims.  *See Rhines*, 544 U.S. at 277.  Third, the federal court may deny the petition on the merits pursuant to § 2254(b)(2) notwithstanding the failure of the petitioner to exhaust remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Rhines*, 544 U.S. at 277 ("[T]he district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless").

**C.   Stay of the Mixed Petition**

Acknowledging that this claim is unexhausted, petitioner requests to stay his petition so that he can return

to state court to exhaust his Eighth Amendment claim. (Pet. Reply Mem. at 8-9.) Respondent counters that exhaustion of this claim would be futile. (Supp. Opp Mem. at 8-9.) At the outset, the court notes that petitioner has failed to demonstrate any cause, let alone good cause, for his failure to exhaust his Eighth Amendment claim in state court. *See Rhines*, 544 U.S. at 277. Moreover, petitioner's Eighth Amendment claim is plainly meritless because, as discussed above, no federal constitutional issue exists where the term of a challenged sentence falls within the range prescribed by state law. *See White*, 969 F.2d at 1383. Therefore, there is no basis to stay the petition to allow petitioner to exhaust his Eight Amendment claim because the claim does not meet the "potentially meritorious" standard. *See Rhines*, 544 U.S. at 278. Accordingly, petitioner's request to stay the petition is denied, and his Eighth Amendment claim is denied on the merits notwithstanding petitioner's failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *see also Rhines*, 544 U.S. at 277.

**III. Invalid Waiver and Ineffective Assistance of Counsel Claim**

In his reply, petitioner also first raises claims that his waiver of his right to appeal his conviction and sentence during his April 30, 1999 guilty plea to attempted sale of a controlled substance in the third degree was invalid and that his counsel during the plea process was ineffective. (Pet'r

Reply Mem. at 1-2.) Specifically, petitioner asserts that his
waiver of the right to appeal was invalid because the court
failed to inform him that the waiver could be used against him
in future violation of probation proceedings. (Pet'r Reply Mem.
at 2.) Petitioner also asserts that his trial counsel was
ineffective for failing to advise petitioner of the full
consequences of the waiver of his right to appeal. (Pet'r Reply
Mem. at 1-3.) The court again construes petitioner's new
claims, first raised in his reply, as a motion to amend the
original petition.

### A.    Relation Back

As discussed above, any new claims raised in
petitioner's reply are deemed untimely unless they relate back
to the original petition by asserting a "claim or defense that
arose out of the conduct, transaction, or occurrence set out . .
. in the original pleading." Fed. R. Civ. P. 15(c). In
determining whether new claims arise out of the same conduct or
occurrence, "[t]he pertinent inquiry ... is whether the original
complaint gave the defendant fair notice of the newly alleged
claims." *Fama*, 235 F.3d at 815 (citing *Wilson v. Fairchild
Republic Co.,* 143 F.3d 733, 738 (2d Cir. 1998)). A new claim
"does not relate back (and thereby escape AEDPA's one-year time
limit) when it asserts a new ground for relief supported by
facts that differ in both time and type from those the original

14

pleading set forth." *Mayle*, 545 U.S. at 650.

Here, petitioner's claims regarding his waiver and ineffective assistance of counsel fail to satisfy the standard for relation back because petitioner raises entirely new grounds for relief. Petitioner's original claim that the resentence was excessive arose from the violation of probation proceeding which occurred on January 15, 2004. Meanwhile, petitioner's claims of invalid waiver and ineffective assistance arise from his guilty plea in the original 1999 criminal proceeding which occurred nearly five years earlier on April 30, 1999. Furthermore, because the claims are based on entirely different facts from the excessive sentence claim raised in the original petition, respondent did not have fair notice of these new claims. *See Desrosiers v. Phillips*, No. 05-CV-2941, 2008 WL 4469594, at *6-*8 (E.D.N.Y. Oct. 03, 2008). Because petitioner's newly raised claims thus do not relate back to the original petition, the claims are untimely and barred by the one-year statute of limitations. *Fama*, 235 F.3d at 816. Dismissal of the claims as untimely is therefore appropriate.

**B. Exhaustion**

Even assuming, *arguendo*, that petitioner's claims of invalid waiver and ineffective assistance of counsel do relate back to the original petition, both claims are unexhausted in state court. First, the invalid waiver claim is unexhausted

because petitioner failed to raise this claim on direct appeal. *Jones v. Keane*, 329 F.3d 290, 296 (2d Cir. 2003) (finding habeas claim unexhausted where petitioner raised "neither the factual nor legal premises underpinning" the claim on direct appeal in state court).  Second, the ineffective assistance of counsel claim is unexhausted because petitioner failed to raise this claim either on direct appeal or through a motion to vacate judgment pursuant to New York Criminal Procedure Law § 440.10, the preferred method for ineffective assistance claims in New York.  *See Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994) (finding petitioner's claim for ineffective assistance of counsel unexhausted where petitioner did not raise claim either on direct appeal or through a motion to vacate judgment).  However, staying the petition to allow petitioner to return to state court and exhaust these claims now would be futile because petitioner's invalid waiver claim is procedurally defaulted and petitioner's ineffective assistance of counsel claim is plainly meritless as explained below.

## 1. The Invalid Waiver Claim is Procedurally Defaulted

Petitioner's invalid waiver claim is not only unexhausted, but procedurally defaulted.  The time to challenge petitioner's resentence on the basis of an invalid waiver claim during the 1999 guilty plea expired on February 14, 2005, one

year and thirty days after the resentence. *See* N.Y. Crim. Proc. Law § 460.10(a)(1) (generally requiring an appeal from a criminal judgment, sentence, or resentence to be made within thirty days after the imposition of the sentence); *id.* § 460.30 (permitting a party up to one year after the expiration of the thirty day time limit for appeal to file a motion seeking an extension of time to file); *see also People v. Smith*, 265 A.D.2d 941, 941 (N.Y. App. Div. 4th Dep't 1999) ("Because the motion for an extension of time to take an appeal was made more than one year and thirty days from the date of sentencing, the motion is untimely.") (citing N.Y. C.P.L. § 460.30). New York law thus prohibits petitioner from raising and exhausting the invalid waiver claim now.

Here, because petitioner failed to file a notice of appeal during the requisite thirty-day period following his resentence, *see* N.Y. Crim. Proc. Law § 460.10(a)(1), or seek an extension of time within the one year period thereafter, *see id.* § 460.30, "the court to which [petitioner] would be required to present his claim [] in order to meet the exhaustion requirement would now find [it] procedurally barred." *See Andrews v. Downstate Correctional Facility*, No. 09-CV-1555, 2009 WL 3587280, at *3 (E.D.N.Y. Oct. 27, 2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also* Jones, 329 F.3d at 296 ("failure to have raised the claim on direct review

now forecloses further collateral review in state court")
(citing N.Y. Crim. Proc. Law § 440.10(2)(c) (barring collateral
review if claim could have been raised on direct review)).
Accordingly, even if this court stayed the petition and allowed
petitioner to return to state court to exhaust the invalid
waiver claim, New York law would prohibit petitioner from
raising and exhausting this claim and the claim is thus
procedurally defaulted and barred from federal review. *See*
*Acosta v. Artuz*, 575 F.3d 177, 188 (2d Cir. 2009) (where
petitioner "cannot now present his unexhausted claim of trial
error to the state courts, we deem the claim procedurally
barred").

Petitioner makes no attempt to overcome this
procedural default bar by showing cause and prejudice or that a
fundamental miscarriage of justice would result from this
court's failure to review the claim on its merits. *See Aparicio
v. Artuz*, 269 F.3d 78, 90 (2d. Cir. 2000) ("For a procedurally
defaulted claim to escape this fate [of dismissal for procedural
default], the petitioner must show cause for the default and
prejudice, or demonstrate that failure to consider the claim
will result in a miscarriage of justice (i.e., the petitioner is
actually innocent).") (citing *Coleman*, 501 U.S. at 748-50
(1991)).

Moreover, because petitioner's invalid waiver claim is plainly meritless, petitioner could not make such a showing. *See Acosta*, 575 F.3d at 188 (finding that petitioner could not make showing to overcome procedural bar where the "claim is lacking in merit in any event") (citing *Gittens v. Menifee*, 428 F.3d 382, 387 (2d Cir. 2005) (noting that petitioner "cannot show prejudice or fundamental miscarriage of justice, as his petition is plainly without merit")).

Petitioner's claim that his waiver was invalid is meritless because it is premised upon misconceptions of both the law and the facts. First, plaintiff's waiver claim does not raise an issue of federal law because the Constitution imposes no obligation upon the States to provide an appeal for criminal defendants. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005). Rather, petitioner's claim that his waiver was invalid is a matter of state law, and federal habeas relief is therefore unavailable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Colon v. New York*, No. 08 Civ. 0170, 2009 WL 1116478, at *4 (S.D.N.Y. Apr. 27, 2009) (denying federal habeas review on a claim for invalid waiver of

the right to appeal as "solely a matter of state law").

Second, petitioner mistakenly argues that his waiver of the right to appeal applied to his right to appeal his sentence on any future criminal charges. According to petitioner, because he was unaware of this fact, the waiver was invalid. (*See* Pet'r Reply Mem. at 2; Pet'r Sur-Reply Mem. at 5-6.) However, petitioner did not waive his right to appeal his sentence on any future criminal convictions, and thus, the factual premise to his claim is mistaken. Rather, the record indicates that petitioner's waiver of the right to appeal applied only to the sentence imposed on the 1999 conviction and any resentence imposed on that original 1999 conviction, and the court so informed him of that fact. The invalid waiver claim is thus meritless, and cannot provide a basis to overcome the procedural bar.

In sum, because no state remedies remain available to petitioner, his unexhausted claim of invalid waiver is deemed procedurally barred from federal review. Further, petitioner cannot overcome this procedural bar because he fails to demonstrate the required cause and prejudice or miscarriage of justice and cannot do so because the invalid waiver claim lacks merit. Therefore, because it is untimely, unexhausted, without merit, and procedurally barred, petitioner's habeas claim on the grounds of invalid waiver is denied. *See Acosta*, 575 F.3d at

193.

## 2. The Ineffective Assistance of Counsel Claim is Plainly Meritless

By contrast, because collateral review of a criminal judgment pursuant to New York Criminal Procedure Law Section 440.10 ("Section 440.10") is available "[a]t any time after the entry of judgment," petitioner's ineffective assistance claim, though unexhausted, is not procedurally barred. *See Caballero*, 42 F.3d at 741 (finding available "an unexhausted state procedure for considering" petitioner's ineffective assistance of counsel claim where "petitioner failed to avail himself of an important New York procedure for airing his ineffective assistance of counsel claim – a post-trial motion to vacate judgment") (citing N.Y. C.P.L. § 440.10); *see also Andrews*, 2009 WL 3587280, at *2–*3 (dismissing as unexhausted an ineffective assistance of counsel claim where petitioner failed to file a Section 440.10 motion in state court). However, staying the petition and allowing petitioner to return to state court to exhaust the ineffective assistance claim would be futile because the claim is both time-barred and, for reasons similar to those discussed above, plainly meritless.

First, even if petitioner did exhaust the claim in state court, because the ineffective assistance claim would not relate back to the original petition, the ensuing federal habeas

claim for ineffective assistance of counsel would be time barred

by the AEDPA one-year statute of limitations which expired on

January 14, 2009. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d

Cir. 2000) (explaining that a state court challenge "excludes

time during which properly filed state relief applications are

pending but does not reset the date from which the [AEDPA] one

year state of limitations begins to run"). Further, petitioner

makes no showing that "extraordinary circumstances" – or for

that matter any circumstances – prevented him from timely filing

his petition thereby warranting application of equitable

tolling. *See id.* at 17.

Moreover, the claim is meritless. Petitioner alleges

that counsel's assistance was constitutionally ineffective

because counsel failed to advise him that the consequence of his

waiver of the right to appeal included a waiver of his right to

appeal all future convictions.[4] (Pet'r Reply at 1-2.) However,

as discussed, the factual premise for this claim is faulty

because petitioner's waiver did not constitute a waiver of his

right to appeal any future convictions. As such, counsel's

failure to so advise petitioner is not, and could not, be

---

[4]     Petitioner also claims that counsel was ineffective at the violation of
probation hearing held on January 15, 2004. (Pet'r Reply at 1-2.) However,
given petitioner's failure to exhaust this claim in state court and the
"strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance," the court denies and dismisses this
claim. *See Strickland v. Washington*, 466 U.S. 668, 689 (internal citations
omitted).

ineffective assistance of counsel, and this claim is therefore meritless.

Therefore, because there is no basis to stay the petition to allow for exhaustion of this claim, the ineffective assistance claim is denied on the merits notwithstanding petitioner's failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *see also Rhines*, 544 U.S. at 277.

## CONCLUSION

For the foregoing reasons, the application for writ of habeas corpus is denied in its entirety.[5] Because petitioner has not made a substantial showing of the denial of any constitutional right, the court will not issue a certificate of appealability. 28 U.S.C. § 2253; *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds; *United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this judgment denying the petition would not be taken in good faith. *Coppedge v. United States*,

---

[5]    In his sur-reply, petitioner also requests that the court strike respondent's supplemental memorandum of law (Pet'r Sur-Reply Mem. at 1), expand the record (*id.* at 4), and grant an evidentiary hearing (*id.*). However, having reviewed petitioner's additional requests and found them to be both untimely and meritless, they are denied. *See Sumner v. Mata*, 449 U.S. 539, 548 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

369 U.S. 438 (1962).  The Clerk of the Court is respectfully

requested to dismiss the petition, enter judgment in favor of

respondent, and close this case.  Respondent shall serve a copy

of this Memorandum and Order upon petitioner and file a

declaration of service by December 1, 2010.

**SO ORDERED.**

Dated:     Brooklyn, New York
           November 30, 2010

                        _____/s/_____
                        **KIYO A. MATSUMOTO**
                        United States District Judge
                        Eastern District of New York